IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALBERT TADERERA | No. 17-cr-10158-FDS-1 |

## DEFENDANT'S MOTION TO DISMISS

In light of the evidence presented at the motions hearing on March 26, 2018, Defendant Albert Taderera moves for dismissal of the Indictment. This motion is made pursuant to Rule 12(b)(1) of the Federal Rules of Criminal Procedure. Viewed in the light most favorable to the government, the identity evidence in this case is insufficient to submit the case to a jury.

## LEGAL STANDARD

A motion to dismiss a count in an indictment generally tests the sufficiency of that count to charge an offense. *See United States v. Guerrier*, 669 F.3d 1, 3 (1st Cir. 2011). Although the First Circuit has stated that "in the ordinary course of events," a technically sufficient indictment is enough to proceed with a trial on the charge, *id.*, in limited circumstances, "[a] court may receive evidence on a motion to dismiss." *United States v. Stevens*, 578 F. Supp. 2d 172, 177 (D. Me. 2008) (citing *United States v. Ferris*, 807 F.2d 269, 271 (1st Cir. 1986)). *See also United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (a court may "dismiss charges at the pretrial stage where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case." (internal quotation

marks, alteration, and citation omitted)).[1] For the purpose of ruling on a motion to dismiss, the court should consider the factual allegations underlying a count to be true. *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952); *United States v. Bohai Trading Co., Inc.*, 45 F.3d 577, 578 n.1 (1st Cir. 1995).

## ARGUMENT:
## THE EVIDENCE IS INSUFFICIENT TO SUBMIT THIS CASE TO A JURY

Viewing the evidence most favorably to the government, the identity evidence it could put forward is as follows:

- A six-foot tall black male driving a black BMW and wearing sunglasses was seen in conjunction with the charged bank robbery of the TD Bank in Wayland, MA, on October 7, 2016.

- Albert Taderera is a six-foot tall black male who drives a black BMW.

- Albert Taderera was sitting in his BMW, in Concord, MA, five months after the charged robbery. The vehicle was parked unusually close to a bank that the FBI suspected could be hit next in a string of bank robberies. Taderera acted furtively when seen and then stopped by the police and could not give a satisfactory accounting of his stop at the Concord Greene apartments. He had sunglasses and gloves in his car.

- Taderera purchased a last-minute ticket to travel to Africa after discovering that his vehicle was in police custody. He packed up all of his belongings.

---

1 *Cf., e.g., United States v. Brissette,* D. Ma. No. 16-cr-10137-LTS, where the government proffered its evidence and all parties agreed that, under the court's interpretation of the Hobbs Act, the evidence was insufficient to support submitting the case to a jury.

- Anjala Manuelpillai, Taderera's ex-wife, viewed surveillance footage of some uncharged bank robberies. She stated, of one of the uncharged robberies, that the suspect "could be him," meaning her ex-husband.

- A hat with Taderera's DNA on it, along with that of three other individuals, was found approximately 175 yards from a different, uncharged bank robbery.[2]

In light of the evidence presented at the hearing and the government's arguments, and in line with the Court's observations, Taderera submits that there is insufficient evidence on the identity element to submit this case to a jury. Even if the ex-wife's observation that the Woburn robber "could be" Taderera were admissible, it is insufficient, as a matter of law, to establish identity in the charged robbery. The government has no evidence connecting Taderera to the crime he is charged with committing. In this extraordinary circumstance, the Court should order dismissal.

Respectfully submitted,

ALBERT TADERERA
By His Attorneys,

 /s/ *W. Jamiel Allen*
W. Jamiel Allen
AZ Bar # 024631

/s/ Amy Barsky
Amy Barsky
Cal. Bar # 270846

FEDERAL PUBLIC DEFENDER OFFICE
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

---

2  The government has stated that it does not intend to introduce this evidence.

## Certificate of Service

    I, Jamiel Allen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 29, 2018.

                                                  /s/ Jamiel Allen