# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) ) ) v. ) ) ALBERT TADERERA, ) ) Defendant. ) ) | Criminal No. 17-10158-FDS |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

Defendant Albert Taderera has been charged with one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). (Indictment at 1). Defendant has filed a motion to dismiss the indictment on the ground that "the identity evidence in this case is insufficient to submit the case to a jury." (Mot. to Dismiss at 1). Because sufficiency of the evidence is not an appropriate reason to dismiss an indictment, the motion will be denied.

"Where . . . a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." *United States v. Savarese*, 686 F.3d 1, 7 (2012); *see also United States v. Stapanets*, 879 F.3d 367, 372 (1st Cir. 2018) (explaining that "courts must not inquire into the sufficiency of the evidence underlying the indictment"). "An indictment that tracks the language of the underlying statute is usually sufficient" as long as it is "accompanied by such a statement of facts and circumstances as to inform the accused of the specific offense with which he is charged." *Savarese*, 686 F.3d at 6 (citing *United States v. Troy*, 618 F.3d 27, 34 (1st Cir. 2010); *United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000)). "The government need not recite all

of its evidence in the indictment . . . ." *United States v. Innamorati*, 996 F.2d 456, 477 (1st Cir. 1993). "When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true." *United States v. Ngige*, 780 F.3d 497, 502 (1st Cir. 2015).

The indictment charges that:

> On or about October 7, 2016, at Wayland, in the District of Massachusetts, **ALBERT TADERERA**, defendant herein, did, by force and violence, and by intimidation, take from the person and presence of another money, in the amount of $8,142.00, more or less, belonging to and in the care, custody, control, management and possession of a branch of the TD Bank located on Boston Post Road, Wayland, Massachusetts, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation.
>
> The Grand Jury further charges that in committing this offense, **ALBERT TADERERA**, defendant herein, did assault and put in jeopardy the life of another person by the use of a dangerous weapon.

(Indictment at 1-2).

The indictment in this case is entirely sufficient to apprise the defendant of the crime charged. Taking those facts as true, the indictment legally describes a crime. Dismissal of the indictment is therefore not proper. Defendant's motion to dismiss the indictment is accordingly DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor, IV
Dated: April 10, 2018
United States District Judge