UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) <br> ) <br> v. ) <br> ) <br> ALBERT TADERERA, ) <br> ) <br> Defendant. ) <br> ) | Criminal No. <br> 17-10158-FDS |

## MEMORANDUM AND ORDER ON MOTION TO SEVER

**SAYLOR, J.**

On June 1, 2017, defendant was indicted for an armed robbery of the TD Bank in Wayland, Massachusetts. On May 10, 2018, the government filed a superseding indictment adding a count charging defendant with an armed robbery of the Winchester Savings Bank in Arlington, Massachusetts.

Defendant has moved to sever the trial of the two charges under Fed. R. Crim. P. 8(a) and 14(a). For the following reasons, the motion will be granted.

**I.      Legal Standard**

Fed. R. Crim. P. 8(a) allows for a single indictment to charge a defendant with two offenses if the offenses are "of the same or similar character," are "based on the same act or transaction," or are "connected with or constitute parts of a common scheme or plan." If, however, joining two offenses in a single indictment "appears to prejudice a defendant," a court "may order separate trials." Fed. R. Crim. P. 14(a).

## II. Analysis

The offenses are properly joined under Rule 8; the robberies in the two counts are of a same or similar character, and there is a reasonable basis to believe they are part of a common scheme or plan. Nonetheless, the Court has concerns about the potential prejudice to the defendant of trying the two counts together.

By far the most important issue in the two cases is identity—that is, whether the defendant committed the robberies. It appears that the perpetrator was completely disguised in both robberies and no teller or other bank employee has made a positive identification. As to the Wayland robbery, it appears that the government's identification evidence consists principally of the testimony of defendant's ex-wife, who viewed video clips of the robbery, and identified him based on his height, weight, gait, mannerisms, and having seen the defendant dressed in similar clothing. As to the Arlington robbery, the government seeks to introduce DNA evidence taken from a hat near the scene of the crime, as well as testimony from defendant's ex-wife based on her review of video clips. The DNA evidence would not appear to be admissible as to the Wayland robbery.

Under the circumstances, there is a substantial chance that the evidence of the Arlington robbery (particularly the DNA evidence) could be used to convict him of the Wayland robbery. Given the unique facts of this case, trying both robberies together could prejudice defendant by allowing "proof that [he] is guilty of one offense" to "be used to convict him of [the] second offense." *United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008) (quoting *United States v. Jordan*, 112 F.3d 14, 16 (1st Cir. 1997)). In light of the relatively weak evidence of identification as to the Wayland robbery, the Court believes that the prudent course is to sever the two counts under Rule 14.

### III.     Conclusion

For the foregoing reasons, the motion of defendant Albert Taderera for severance (Docket No. 112) is GRANTED.  The two counts will be tried separately, according to a schedule to be set by the Court.  The severance shall be for purposes of trial only.

**So Ordered.**

Dated: October 5, 2018

/s/  F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge